PEOPLE v POWERS

Docket No. 89923. Submitted September 3, 1986, at Grand Rapids. Decided October 6, 1986.

David E. Powers pled guilty in Berrien Circuit Court to a charge of criminal sexual conduct, second degree and was sentenced to from three to fifteen years in prison, William S. White, J. Defendant appealed, alleging that the trial court abused its discretion by sentencing him to a prison term greater than the two- to four-year minimum sentence recommended by the Michigan Sentencing Guidelines.

The Court of Appeals *held:*

An appellate court may afford relief from a sentence imposed by a trial court only if the appellate court finds that the trial court, in imposing sentence, abused its discretion to the extent that it shocks the conscience of the appellate court. A trial court which, as in this case, follows the guidelines laid down by the Supreme Court cannot be said to have abused its discretion to the extent that it shocks the conscience.

Affirmed.

1. CRIMINAL LAW — SENTENCING.

An appellate court may afford relief from a sentence imposed by a trial court only if the appellate court finds that the trial court, in imposing sentence, abused its discretion to the extent that it shocks the conscience of the appellate court.

2. CRIMINAL LAW — SENTENCING.

A trial court which, in imposing a sentence, follows the sentencing guidelines laid down by the Supreme Court cannot be said to have abused its discretion to the extent that it shocks the conscience of an appellate court.

*Frank J. Kelley,* Attorney General, *Louis J.*

REFERENCES

Am Jur 2d, Criminal Law §§ 538 *et seq.,* 588 *et seq.*

Length of sentence as violation of constitutional provision prohibiting cruel and unusual punishment. 33 ALR3d 335.

See also the annotations in the Index to Annotations under Sentence and Punishment.

*Caruso,* Solicitor General, *Paul L. Maloney,* Prosecuting Attorney, and *Brian S. Berger,* Assistant Prosecuting Attorney, for the people.

*James K. Jesse,* for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant David Eugene Powers was convicted, on his plea of guilty, of the offense of criminal sexual conduct, second degree. MCL 750.520c(1)(a); MSA 28.788(3)(1)(a). He was sentenced to a term of imprisonment of from three to fifteen years. The recommended minimum sentence set forth in the Michigan Sentencing Guidelines was from two to four years imprisonment.

On appeal defendant requests us to review his sentence under the abuse of discretion standard of *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983). We decline to do so. In *Coles* the Supreme Court authorized appellate review of the severity or leniency of sentences imposed by a trial court. The Court directed, however, that the appellate court "may afford relief to the defendant *only* if the appellate court finds that the trial court, in imposing the sentence, abused its discretion to the extent that it shocks the conscience of the appellate court." *People v Coles, supra,* p 550 (emphasis ours). Although the Sentencing Guidelines adopted and promulgated by the Supreme Court are still in an experimental stage and, although some of the ranges included in the guidelines may need some revision, a trial court which follows the guidelines laid down by the Supreme Court cannot be said to have "abused its discretion to the extent that it shocks the conscience."

Affirmed.